EMMA HENLY, guardian &c. of Henry Fitzgerald, an infant, *vs.* MARY ANN FITZGERALD, ex'x &c., and others.

A will contained the following provision: " Unless I shall purchase a farm for my said grandson's use during my lifetime, then I hereby authorize and direct my executors, or a majority, or the survivors, of them to purchase, with funds belonging to my estate, a farm to be selected by them situated in the vicinity of Lansingburgh or Troy, N. Y., of the value of not less than fourteen nor more than twenty thousand dollars, and to allow my said grandson to have the use and income thereof, and the management thereof, for and during his natural life. If I shall make such purchase during my lifetime, then my executors shall not purchase said farm as herein required, but my grandson shall have the use and management of said farm during his natural life." *Held* that this provision of the will was inoperative and void; 1. That the direction did not create a valid *power;* 2. That a *power in trust* was not created; 3. That the provision was too *vague* and *indefinite* to be carried into effect.

By the same will, the testator directed that his grandson, H. F., should have and enjoy the net income of the residue of the entire estate, during his natural life, after he became fourteen years of age; and in case H. F. should leave him surviving lawful issue, then such issue to become seised of the estate. But in case he should die without leaving such issue, the property to be divided between the testator's two sisters, and the children of a deceased sister. The will created the executors trustees, and in that capacity charged them with the care and control of the estate during the life of H. F., with a direction to pay to the guardian of H. F. the net income thereof after he should become fourteen years of age, and until he should arrive at the age of twenty-one. And after that period, to pay to H. F. such net income during life. It further directed them to expend so much of the income of the estate as in their judgment should be necessary toward the education, maintenance and support of H. F. until he reached the age of fourteen years; up to which period the trustees were to judge in regard to the amount of such expenditure, subject only to the direction of the court. *Held*, that the executors, as trustees, were charged with the care and control of the estate, and were to keep the same invested during the natural life of H. F., and, until he should reach the age of fourteen years, apply toward his support and education such sum, out of the income, as in their judgment should be necessary; and after that period, and until he should reach the age of twenty-one, to pay to his guardian the net income of the estate; and after H. F. should attain the age of twenty-one years, to pay to him such net income during his natural life.

THIS is an action brought to obtain a judicial construction of the will of Patrick Fitzgerald, late of Lansingburgh, deceased.

Henly *v.* Fitzgerald.

*H. A. Merritt* and *R. A. Parmenter*, for the plaintiff.

*C. J. Lansing* and *Martin I. Townsend*, for the defendants.

INGALLS, J. . Patrick Fitzgerald made his last will and testament on the 31st day of January, 1870, and died March 5th of the same year. The will was proved, as a will of real and personal estate, March 23, 1870. Only two of the persons named as executors qualified, viz., Mary Ann Fitzgerald and Matthew Higgins. And since the probate of the will Matthew Higgins has deceased. The plaintiff has been appointed by the surrogate of Rensselaer county guardian of the person of the said Henry Fitzgerald, who now resides with his mother. The plaintiff has married since the death of her former husband. From a careful examination of the will I am convinced that the testator intended, after providing for his wife, Mary Ann Fitzgerald, during her natural life, or so long as she should remain his widow—and creating an annuity in favor of his sister Catharine McDonald of $60—and providing for the erection of a fence around his cemetery lot, and the preservation thereof, that his grandson, Henry Fitzgerald, should have and enjoy the net income of the residue of the entire estate during his natural life, after he became fourteen years of age. And in case said grandson should leave him surviving lawful issue, then and in that event, such issue to become seised of the estate. But in case he should die without leaving such issue, the property to be divided between the two sisters of the testator, Catharine McDonald and Bridget Downing, and the children of his deceased sister, Ann Murry, in the following manner : One third thereof to each sister, and the remaining third to the children of Ann Murry. This interpretation of the will disposes of the entire estate, and I believe in harmony with the intention of the testator, which is to

control in the construction of a will, provided no principle of law intervenes to defeat such intention.   The will creates the executors trustees, and in that capacity charges them with the care and control of the estate during the life of the said Henry Fitzgerald, with a direction to pay to the guardian of said Henry the net income thereof, after he shall become fourteen years of age, and until he arrives at the age of twenty-one years ; and after the last mentioned period, to pay to said Henry such net income during his natural life.   It further directs them to expend so much of the income of the estate as in their judgment should be necessary, toward the education, maintenance and support of said Henry until he attains the age of fourteen years, up to which period the trustees are to judge in regard to the amount of such expenditure, subject only to the direction of the court.   It is therefore unimportant to inquire whether the appointment, by the will of the said Mary Ann Fitzgerald, as the guardian of the said Henry, is valid and obligatory, so far as the property is concerned.   The will contains the following provision :  " Unless I shall purchase a farm for my said grandson's use during my lifetime, then I hereby authorize and direct my executors, or a majority, or the survivors of them, to purchase, with funds belonging to my estate, a farm to be selected by them, · situated in· the vicinity of Lansingburgh or Troy, N. Y., of the value of not less than fourteen, nor more than twenty thousand dollars, and to allow my said grandson to have the use and income thereof, and the management thereof, for and during his natural life. If I shall make such purchase during my lifetime, then my executors shall not purchase said farm, as herein required.   But my grandson shall have the use and management of said farm during his natural life."   I am of opinion that this provision of the will is inoperative and void.   1. This direction does not create a valid power.   The Revised Statutes (1 *R. S.* 682, § 74, *Edm.*

Henly v. Fitzgerald.

ed.) defines a power as follows: "A power is an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner, granting or reserving such power, might himself lawfully perform." It seems too clear to require discussion to, show that the direction in question is not within the provision of the statute referred to. 2. A power in trust is not created. The will, in terms, excludes the executors and trustees from the receipt of the rents and profits, and from the control of the farm when purchased, and directs that the grandson should have the use, management and income thereof during his natural life. No trust was therefore conferred upon the executors. (Beekman v. Bonsor, 23 N. Y. 298.) 3. The provision is too vague and indefinite to be carried into effect. There is no direction as to who should be named as grantee in the deed. Nor is there any provision in regard to the care and management of the farm during the infancy of the said grandson, when he would be wholly incompetent to manage the same. It seems wholly impracticable for the executors to undertake to carry out this direction of the testator. As no particular fund is designated with which the purchase was to be made, nor any specific amount fixed, save that the sum to be expended should not exceed twenty thousand dollars, or be less than fourteen thousand dollars, no separation of the estate is effected, but the same remains one general fund. Hence no question necessarily arises as to what becomes of the fund with which the farm was directed to be purchased. If the foregoing is a correct interpretation of the will, it follows that the executors, as trustees, are charged with the care and control of the estate, and are to keep the same invested during the natural life of said Henry Fitzgerald, and, until he arrives at fourteen years of age, apply toward his support and education such sum out of the income as in their judgment shall be necessary. And after he at-

tains the age of fourteen years, and until he becomes twenty-one, pay to the guardian of said Henry the net income of the estate; and after he attained the age of twenty-one years, pay to him such net income during his natural life. It appears that by an order of this court the executor and trustee has been directed to expend five dollars per week toward the support and education of said Henry; and it is now insisted that considering the magnitude of the estate and the fact that the infant has arrived at an age when the expense of education and support has necessarily increased, such allowance should be increased. In view of all the circumstances I conclude that an allowance of ten dollars per week will not be excessive, and that such sum be paid by the executor and trustee.

[RENSSELAER CIRCUIT AND SPECIAL TERM, June 2, 1873. *Ingalls*, Justice.]